UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 6:22-cr-00201-WWB-LHP

JOSHUA EDWARDS

**JOINT NOTICE REGARDING REQUESTED DETENTION PROCEEDINGS**

The United States of America by Roger B. Handberg, United States Attorney for the Middle District of Florida, and Andrew Searle, counsel for defendant, Joshua Edwards, and in accordance with this Court's directive (Doc. 132), hereby file this joint notice and state:

1. On February 21, 2024, the Court directed the parties to file a joint notice "stating whether, given the Certificate of Restoration to Competency (Doc. No. 123), the Court may proceed with the completion of all Rule 5 and Rule 11 proceedings, which would also include a detention hearing, or if the parties believe that such proceedings cannot go forward until all competency related proceedings are completed in full." Doc. 132.

2. The parties' respective positions on this issue are set forth below.

I.   **The Defendant's Position**

The Defendant has filed a Notice and Motion for Pretrial Release (the "Motion for Pretrial Release") (Doc. 133), which sets forth the Defendant's position and legal authority on the issue of moving forward with a detention hearing. The Motion for

Pretrial Release is hereby incorporated by reference.

In short, it is the Defendant's position that the Court can conduct Rule 5 and Rule 11 proceedings at this point. *See United States v. Magassouba*, 544 F.3d 387, 407 (2d Cir. 2008); *United States v. Smith*, 764 F. Supp. 2d 541, 542 (W.D.N.Y. Feb. 9, 2011). It is also the Defendant's position that the Government is not authorized to have a detention hearing because none of the factors set forth in § 3142(f)(2) are present in this case, and that the Defendant should be immediately released. If a detention hearing is held, however, it is the Defendant's position that pretrial release conditions should be set.

## II.   The Government's Position

It is the Government's position that issues of competency should be fully resolved prior to Rule 5 and Rule 11 proceedings in this case. Section 4241(e) requires the Court to hold a hearing, pursuant to the provisions of § 4247(d), to determine the competency of the defendant. Until that point, competency is not fully resolved. Further, the express language of § 4241(e) suggests that the competency hearing should occur before the Court addresses release or detention under the Bail Reform Act.[1] *See* Order at Doc. 84 (finding, in relation to the co-defendant in this

---

[1] Specifically, § 4241(e) provides, in relevant part, that "[i]f, *after the hearing*, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial or other proceedings. *Upon discharge, the defendant is subject to the provisions of chapters 207* [release and detention] *and 227* [sentences]." (emphasis added).

2

case, that "a detention hearing is a critical stage of the proceedings, such that if reasonable cause exists that a defendant is presently suffering from a mental disease or defect rendering him or her mentally incompetent, the Court must proceed with competency proceedings before moving forward with any other stages of the case.").

Additionally, and especially instructive here, are the concerns associated with attempting to move forward with a release or detention determination when there is an unresolved factual issue as to whether the Defendant is malingering. Given that the Defendant's potential malingering is relevant to the § 3142 factors, including the history and characteristics of the Defendant, it seems necessary for the Court to first hold the competency hearing to make a factual finding on that issue. Only then will the Court have the proper context for a detention determination.

It is also the Government's position that, following resolution of competency, a detention hearing is authorized because the Defendant poses a serious risk of flight under § 3142(f)(2).[2]

---

[2] Defendant's argument that the government lacks statutory grounds to move for detention is misplaced. The Court "generally needs no authority or specific grant in order to hold a [detention] hearing." *U.S. v. Megahed*, 519 F.Supp.2d 1236 at 1248-49 (M.D. Fl. 2007). Although we are not moving for detention on dangerousness, Section 3142(e) is "unrestricted and plain" that a detention hearing on risk of flight or danger to the community is warranted if the government moves for detention under either § 3142(f)(1) or in § 3142(f)(2). *Id.* at 1247.

The Government contends that evidence at the detention hearing will show that conditions of release cannot be set in this case. The Government will also file a response to the Defendant's Motion for Pretrial Release on or before March 13, 2024, which will further supplement the Government's position on these issues.

WHEREFORE, the parties hereby comply with this Court's directive and submit the instant Joint Notice.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   /s/ Kara M. Wick
      Kara M. Wick
      Assistant United States Attorney
      Florida Bar No. 0085578
      400 W. Washington Street, Suite 3100
      Orlando, Florida 32801
      Telephone:  (407) 648-7500
      Facsimile:   (407) 648-7643
      E-mail: Kara.Wick@usdoj.gov

      /s/ Andrew C. Searle
      Andrew C. Searle, Esq.
      **SEARLE LAW P.A.**
      200 East Robinson Street, Suite 1150
      Orlando, Florida 32801
      Telephone: 407-952-0642
      Email: andrew@searle-law.com
      Website: www.searle-law.com